IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CELSO STEPHENS,

     Plaintiff,

vs.                                                           No. CIV 24-0877 JB/DLM

LUNA COUNTY DETENTION CENTER,

     Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Celso Stephens' failure to prosecute his Letter from Celso Kevin Stephens to United States District Court, filed September 3, 2024 (Doc. 1)("Letter-Complaint").   The Honorable Damian L. Martinez, United States Magistrate Judge for the United States District Court of the District of New Mexico, recently directed Stephens to file a complaint on the § 1983 form and either to prepay the $405.00 civil filing fee or, alternatively, to file a motion to proceed in forma pauperis within thirty days, as 28 U.S.C. § 1915(a) requires.   See Order to Cure Deficiency, filed May 22, 2025 (Doc. 6)("Cure Order").   Because Stephens does not comply with the Cure Order, the Court dismisses this case without prejudice.

## BACKGROUND

Stephens commenced this case on September 3, 2024, while incarcerated.   See Letter-Complaint at 1.   Construed liberally, Stephens asserts civil rights claims against Defendant Luna County Detention Center.   The Court referred this matter to Magistrate Judge Martinez for recommended findings and disposition and to enter non-dispositive orders.   See Order of Reference Relating to Prisoner Cases, filed September 5, 2024 (Doc. 2).   By an Order entered May 22, 2025, Magistrate Judge Martinez directed Stephens to file a complaint on the § 1983 form

and either to prepay the $405.00 civil filing fee or, alternatively, file a motion to proceed in forma pauperis.  <u>See</u> Cure Order at 1.  Magistrate Judge Martinez set a deadline of June 23, 2025, for Stephens to file a complaint on the § 1983 form and to address the civil filing fee requirement.  Cure Order at 1.  The Cure Order warns that the failure to timely comply may result in the dismissal of this action without further notice.  <u>See</u> Cure Order at 1.

As of the filing of this Memorandum Opinion and Order, Stephens has not filed a complaint on the § 1983 form, addressed the civil-filing-fee requirement, shown cause for such failure, or otherwise responded to the Cure Order, which was returned as undeliverable.  <u>See</u> Returned Envelope, filed June 6, 2025 (Doc. 7).   Stephens has not advised the Clerk of his new address, as D.N.M. LR-Civ. 83.6 requires.   D.N.M. LR-Civ. 83.6 provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses." D.N.M. LR-Civ. 83.6.   The Court therefore considers whether to dismiss this case for failure to prosecute and to comply with the Court's rules and the Cure Order.

## <u>ANALYSIS</u>

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation."  <u>Rogers v. Andrus Transp. Services</u>, 502 F.3d 1147, 1152 (10th Cir. 2007).   "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions <u>sua sponte</u> for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  <u>Olsen v. Mapes</u>, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162.

Here, Stephens has not filed a complaint on the § 1983 form or addressed the civil filing fee requirement, as the Cure Order and 28 U.S.C. § 1915(a)(2) require. He also has severed contact with the Court and failed to provide an updated address, as D.N.M. LR-Civ. 83.6 requires. In light of these failures, the Court dismisses this case pursuant to rule 41(b) for failure to prosecute and to comply with rules and orders. See Olsen v. Mapes, 333 F.3d 1199 at 1204. After considering the factors in Nasious, the dismissal is without prejudice.

**IT IS ORDERED** that: (i) the Plaintiff's Letter from Celso Kevin Stephens to United States District Court, filed September 3, 2024 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

UNITED STATES DISTRICT JUDGE

- 3 -

*Parties:*

Celso Stephens
Deming, New Mexico

     *Plaintiff pro se*